UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| VERONICA BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-144 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is the parties' joint motion to add Wal-Mart Stores East, LP as a proper party and to dismiss Walmart Inc. as an improperly-named party. Doc. 10. The parties' joint motion to add Wal-Mart Stores East, LP is **GRANTED**. Doc. 10. The Court **RECOMMENDS**[1] that

---

[1] The undersigned's authority to grant a request to voluntarily dismiss a party is, at best, ambiguous. Federal Rule of Civil Procedure 72(b) requires a magistrate judge, in any pretrial motion "dispositive of a claim or defense" to "enter a recommended disposition," subject to a fourteen-day objections period and *de novo* review by the district judge. *Id.* Generally, "[o]rders granting leave to amend are non-dispositive, as they do not remove claims or defense of a party." *Vanderwalker v. Quandt's Food Serv. Distribs., Inc.*, 934 F. Supp. 42, 48 (N.D.N.Y. 1996). However, the parties' motion seeks disposition and removal of all claims against Walmart, Inc. Doc. 10. There is some authority that a magistrate judge has authority to correct a misnomer, effectively dismissing the misnamed defendant and substituting the properly named defendant. *See Knutson v. Walker Grp., Inc.*, 343 F. Supp. 2d 971, 973 (D. Colo. 2004) (misnamed defendant filing a motion to dismiss "does not convert plaintiff's request to correct the name of the party into a dispositive motion." (citing Fed. R. Civ. P. 15, 17)); *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at * 3 (S.D. Ga. June 10, 2016) ("In the meantime, pursuant to Rule 21, the Court removes [a defendant] as a party.").

Walmart, Inc. be **DISMISSED** without prejudice. Doc. 10.

Subject to the terms of this Order, when Walmart, Inc. is dismissed, the caption of this Complaint will hereinafter be styled as Veronica Byrd, Plaintiff, v. Wal-Mart Stores East, LP, Defendant. It is further **ORDERED** that Wal-Mart East, LP shall be substituted each and every

---

Other courts, however, have treated dismissals under Fed. R. Civ. P. 21 as requiring Rule 72's Report and Recommendation procedure. *See, e.g.*, *Uniloc 2017, LLC v. Google, LLC*, 2019 WL 6002205, at * 1 (E.D. Tex. Sept. 10, 2019); *Core Labs. LP v. AmSpec*, LLC, 2017 WL 1407652, at * 1 (S.D. Ala. Apr. 19, 2017). Even courts that treat such motions as within the magistrate judge's power are not wholly confident. *See Foden v. Floyd*, 2019 WL 2343676, at * 2, n.1 (E.D. Mich. May 31, 2019) ("Because Plaintiff's unopposed motion to voluntarily dismiss [a defendant], pursuant to Rule 21, is not enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), and involves a non-dipositive matter which does not put an end to the proceedings before the Court, an opinion and order is effective. [Cit.] However, to extent the parties disagree, they may treat the Court's order on this motion as a report and recommendation and file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) . . . .").

Given that ambiguity, the Court grants the motion, but should any party object to the dismissal of Walmart, Inc. within fourteen days, the Clerk is **DIRECTED** to convert this Order into a Report and Recommendation. Upon conversion of this Order into a Report and Recommendation, the Clerk shall submit the R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

place Walmart, Inc. is named in any pleadings as if Walmart, Inc. had never been named.

**SO ORDERED**, this 6th day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA